```
 1  LAW OFFICES OF DEBORAH L. RAYMOND        FILED
    Deborah L. Raymond, SBN 173528
 2  480 Stevens Avenue, Suite 205            2007 DEC 21  PM 3:30
 3  Solana Beach, CA 92075
    (858) 481-9559                           CLERK US DISTRICT COURT
 4                                           SOUTHERN DISTRICT OF CALIFORNIA

 5  Attorney For Plaintiff, HARU LINDSEY     BY _____ DEPUTY
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARU LINDSEY, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE CORPORATION, dba DITECH.COM, an entity of unknown form; and DOES 1-10, inclusive,<br><br>    Defendant(s). | Case No. '07 CV 2404 BTM CAB<br><br>COMPLAINT FOR INJUNCTIVE RELIEF, RECOUPMENT/SETOFF, DAMAGES, ACCOUNTING, AND TO QUIET TITLE RELATING TO VIOLATIONS OF THE TRUTH IN LENDING ACT, THE CALIFORNIA ROSENTHAL ACT, AND **DEMAND FOR JURY TRIAL**<br><br>[15 U.S.C. §§1601 et seq.; Cal. Civ. Code §§1788 et seq ] |

COMES NOW the Plaintiff, HARU LINDSEY (hereinafter "Plaintiff"), an individual who alleges:

**INTRODUCTION**

1. This Complaint is filed defensively and affirmatively under the Truth In Lending Act ("TILA"), 15 U.S.C. §§1601, et seq. to enforce Plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in Plaintiff's residence, to recover actual and statutory damages by way of recoupment and money, reasonable attorney's fees and costs by reason

Lindsey v. GMAC Mortgage Corporation et al.
Case No.                                            1                        COMPLAINT



of Defendant's violations of TILA and Regulation Z, 12 C.F.R. §226 (Reg. Z"). In addition, Plaintiff seeks actual and statutory damages, reasonable attorney's fees and costs by reason of the Defendant's violations of the California Rosenthal Act, Cal. Civ. Code sections 1788 et seq.

## JURISDICTION

2. Jurisdiction is conferred on this court by 15 U.S.C. 1640(e), 28 U.S.C §§ 1331, 1337 and by the doctrine of pendent jurisdiction. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

## COMMON ALLEGATIONS

3. At all times mentioned in this Complaint, Plaintiff Haru Lindsey was and is an individual consumer residing in the County of San Diego, and was and is an owner of that certain real property located in the County of San Diego and generally described as 6031 Paseo Alameda, Carlsbad, California 92009 (the Real Property).

4. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, defendant GMAC Mortgage Corporation, dba Ditech.com (hereinafter referred to as "GMAC") was and is an entity of unknown form in the business of originating consumer credit transactions described in TILA, and/or the purchasing and otherwise taking assignment of consumer credit transactions described in TILA, originated by others. Plaintiff is further informed and believes and thereon alleges that defendant GMAC was and is in the business of regularly collecting consumer debts, either on behalf of itself or others, thereby bringing it under the authority of the California Rosenthal Act, Cal. Civil Code sections 1788 et seq.

5. The true names and capacities, whether corporate, individual or other, of the defendants sued as Does 1 through 10 are presently unknown to Plaintiff who therefore sue said defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to reflect the true names and capacities of said defendants when the same have been ascertained. Plaintiff is

informed and believes and thereon alleges that each of said fictitiously named defendants is responsible in some manner for the acts complained of herein.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, each of the defendants was an officer, director, agent, employee, assignor, assignee or associate of each of their co-defendants, and was at all times acting within the scope of such capacity with the full knowledge and consent of each said co-defendant.

### IV. COMMON FACTUAL ALLEGATIONS

7. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 6 above with the same force and effect as if herein set forth.

8. On or about September 21, 2004, Plaintiff entered into a consumer credit transaction ("Transaction") to refinance her principle dwelling/residence located at 6031 Paseo Alameda, Carlsbad, California 92009, by entering into a mortgage with Defendant GMAC, in the amount of Ninety Five Thousand Dollars ($95,000.00), secured by a second deed of trust on Plaintiff's residence. The purpose of the Transaction was primarily personal, family and household in that it paid off the existing mortgages held by Countrywide Home Loans. The Transaction was subject to a finance charge and was payable by written agreement in more than four installments.

9. On or about September 21, 2004, Plaintiff, in the course of the Transaction, signed, but did not receive required Transaction documents, including but not limited to two copies of the notice of right to cancel containing the date of the expiration of the cancellation period, and a copy of the Truth In Lending Disclosure Statement containing the annual percentage rate, number of payments, amount financed, finance charge, and other required information.

10. On September 29, 2006, a foreclosure proceeding was begun against the Real Property by the recording of a Notice of Default in the office of the County Recorder.

11. On December 26, 2006, pursuant to 15 U.S.C. §1635, Plaintiff rescinded the

Transaction by sending the notice (Rescission Notice) required by Regulation Z and a Qualified Written Request (QWR) to Defendant GMAC and Mortgage Electronic Registration Systems, Inc. A copy of the Rescission Notice is herein attached and incorporated by reference as Exhibit "A-1". Defendant GMAC received the Rescission Notice on December 27, 2006. A copy of proof of delivery is herein attached and incorporated by reference as Exhibits "A-2".

12. After receiving Plaintiff's QWR/Rescission letter, which disputed the debt and informed Defendant GMAC that Plaintiff was represented by an attorney and all communication was to be directed to the attorney, GMAC refused to communicate with Plaintiff's attorney and, instead, communicated directly with Plaintiff by telephoning her on numerous occasions, despite Plaintiff's multiple requests, orally and in writing, that GMAC contact her attorney, in violation of Cal. Civ. Code §1788.14. Over the course of several weeks, defendant GMAC made demands of a false amount of the debt in excess of $500,000.00, falsely stated that defendant GMAC had paid off the loan secured by the first deed of trust, threatened Plaintiff with action GMAC did not intend to take, and repeatedly demanded payment from Plaintiff of a false amount. Defendant's collection practices and action have caused Plaintiff severe emotional distress, including but not limited to loss of appetite, frustration, fear, anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression.

13. More than twenty (20) days have elapsed since the Rescission Notice was received, and Defendant GMAC has failed and refused, and continue to fail and refuse, to perform any of the acts required by 15 U.S.C. §1635(b).

## FIRST CAUSE OF ACTION
## (TILA)

14. For a First Cause of Action against Defendant, Plaintiff restates the allegations contained in Paragraphs 1 through 13.

**COUNT ONE – Rescission**

15. The Transaction was subject to Plaintiff's right of rescission as described by 15 U.S.C. § 1635 and Reg Z § 226.23 (12 C.F.R. §226.23).

16. In the course of the Transaction, 15 U.S.C. § 1635(a) and Reg Z § 226.23(b) were violated when Plaintiff did not receive two copies of a notice of right to cancel containing the date of expiration of the cancellation period.

17. In the course of the Transaction Defendant violated 15 U.S.C. § 1635(a) and Reg Z § 226.23(b) by failing to deliver to Plaintiff all "material" disclosures required by TILA and Reg Z.

18. Plaintiff had a continuing right to rescind the Transaction, pursuant to 15 U.S.C. § 1635(a) and Reg Z § 226.23(a)(3), for up to three years after consummation of the transaction.

19. Plaintiff rescinded the transaction by sending a Rescission Notice to GMAC on December 26, 2006 via First Class Certified U.S. Mail, postage fully prepaid.

20. More than twenty (20) calendar days have elapsed since Defendant received the Rescission Notice.

21. Defendant GMAC has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the Transaction, including the termination of the deed of trust recorded against Plaintiff's residence, as required by 15 U.S.C. §1635(b) and Reg Z § 226.23(d)(2).

22. By way of Plaintiff's rescission of the Transaction, Plaintiff is entitled to:

a. Enforcement of the Rescission of the Transaction;

b. Termination of any security interest in Plaintiff's Real Property created under the Transaction;

c. Return of any money or property given by Plaintiff to anyone, including Defendant, in connection with the Transaction;

d. Expungement of any foreclosure instrument, including but not limited to any Notice

of Default or Notice of Trustee's Sale, relating to the Transaction from any public record;

  e. Removal of any derogatory information reported to any credit reporting agency or credit reporting bureau relating to the Transaction; and

  f. Costs and Reasonable attorney's fee.

## COUNT TWO - Recoupment

23. Violations of TILA described in paragraphs 15 and 22 above and herein restated, subject Defendant GMAC to the remedies set forth in 15 U.S.C. § 1640.

24. Plaintiff having filed this action in defense of Defendants' foreclosure proceeding, Plaintiff is entitled to seek recoupment or set-off of any damages, actual and statutory, based on violations that occurred at the consummation of the Transaction, pursuant to 15 U.S.C. § 1640(e).

25. By way of recoupment, Plaintiff is entitled to a setoff in an amount equal to actual and statutory damages to be proven at trial for violations of TILA that occurred at the consummation of the Transaction. Plaintiff is also entitled to costs and reasonable attorney's fees.

## COUNT THREE - Damages

26. On or about December 26, 2006, pursuant to 15 CFR 226.23, Plaintiff rescinded the Transaction by sending the Rescission Notice to defendant GMAC.

27. Defendant GMAC failed to comply with the provisions of 12 CFR 226.23.

28. As a result of the failure of defendant GMAC to comply with the provisions of the TILA and Reg Z, Plaintiff is entitled to a complete release from any obligation to defendant GMAC and to expungement of the Deed of Trust recorded against the Real Property.

29. As a further result of the failure of defendant GMAC to comply with the rescission provisions of the TILA and Reg Z, Plaintiff is entitled to statutory damages up to $2,000.00 for defendant GMAC's failure to respond properly to Plaintiff's Rescission Notice, actual damages in an amount to be determined at trial; and costs and Reasonable attorney's fee.

## SECOND CAUSE OF ACTION
### (California Rosenthal Act)

30. For a Second Cause of Action against Defendant, Plaintiff restates the allegations of Paragraphs 1 through 29.

31. Defendant GMAC's actions constitute a violation of the California Rosenthal Act in that they threatened to take actions not permitted by law, including but not limited to foreclosing upon the real property, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, directly communicating with Plaintiff who was represented by an attorney, and using unfair and unconscionable means in an attempt to collect a debt.

32. As a direct result of said violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
### (Quiet Title)

33. For a Third Cause of Action against Defendant, Plaintiff restates the allegations of Paragraphs 1 through 32.

34. Defendant GMAC claims an interest adverse to Plaintiff in the Real Property in the form of the trust deed recorded pursuant to the Transaction, and Plaintiff is seeking to quiet title against the claims of Defendant GMAC under such trust deed.

35. Plaintiff seeks to quiet title as of September 21, 2004, the date of consummation of the Transaction.

## FOURTH CAUSE OF ACTION
### (Accounting)

36. For a Fifth Cause of Action against the Defendant, Plaintiff restates the allegations

Lindsey v. GMAC Mortgage Corporation et al.
Case No.

7

COMPLAINT

contained in Paragraphs 1 through 32.

37. Pursuant 15 U.S.C. §1635(b) and 12 U.S.C. §2605, Plaintiff is entitled to an accounting for and return of certain amounts paid by Plaintiff since the inception of the Transaction, and of the amount, if any, to be tendered by Plaintiff as a result of Plaintiff's rescission of the Transaction.

38. Despite Plaintiff's sending of the QWR/Rescission Notice provided for in 15 U.S.C. 1635(a) and 12 U.S.C. §2605, Defendants have failed and refused and continue to fail and refuse to provide an accounting or to return or offer to return said amounts, or any portion of them.

WHEREFORE, it is respectfully prayed that this Court:

ON THE FIRST CAUSE OF ACTION:

1. Assume jurisdiction of this case;

2. Declare the security interests in the Real Property is void;

3. Rescind the Transaction;

4. Order Defendant to take all action necessary to terminate any security interest in Plaintiff's Real Property created under the transaction, and that the Court declare all such security interests void, including but not limited to the deed of trust related to the Transaction;

5. Order the return to Plaintiff of any money or property given by Plaintiff to anyone in connection with the Transaction;

6. Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's Real Property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of that property;

7. Order the expungement of any foreclosure instrument, including any Notice of Default and Notice of Trustee's Sale relating to the Transaction from any public record;

8. Order the removal of any derogatory information relating to the Transaction from Plaintiff's credit history;

9. Award Plaintiff statutory damages for Defendant's failure to respond properly to Plaintiff's rescission notice, in the amount of twice the finance charge in connection with the Transaction, but not less than $200 or more than $2,000 as provided by 15. U.S.C. § 1640(a);

10. Order that, because Defendant failed to properly respond to Plaintiff's notice of rescission, Plaintiff have no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all the Plaintiff's claims, including damages from violations relating to the consummation of the Transaction by way of recoupment, and order Defendant to accept tender on reasonable terms and/or over a reasonable period of time;

11. Award of actual damages in an amount to be established at trial;

12. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1640(a);

13. Award such other and further relief as the Court deems just and proper.

ON THE SECOND CAUSE OF ACTION:

14. Actual damages, including but not limited to emotional distress;

15. For statutory damages in an amount not less than $100.00;

16. Award Plaintiff costs and reasonable attorney's fees as provided under Cal. Civ. Code section 1788.30;

17. Award such other and further relief as the Court deems just and proper.

ON THE THIRD CAUSE OF ACTION:

18. For an order quieting title in and to the Real Property of Plaintiff, free from any encumbrance, lien or cloud on title created as a result of the Transaction.

ON THE FOURTH CAUSE OF ACTION:

19. For an accounting of all amounts paid by Plaintiff pursuant to the Transaction, an accounting of all charges and fees demanded from Plaintiff, and a statement of the amount required to be restored to GMAC, if any.

ON ALL CAUSES OF ACTION:

20. For costs of suit incurred herein;

21. For reasonable attorneys fees permitted by statute; and,

22. For such other and further relief as this court may deem just and proper.

Date: 12/21/07

                                        Respectfully submitted,
Law Offices of Deborah L. Raymond

By: _____
Deborah L. Raymond, Esq.
Attorney For Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Date: 12/21/07

                                        Respectfully submitted,
Law Offices of Deborah L. Raymond

By: _____
Deborah L. Raymond, Esq.
Attorney For Plaintiff

# Law Offices of Deborah L. Raymond
380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel: 858-481-9559
Fax: 858-724-0747

December 26, 2006

<u>SENT VIA FIRST CLASS CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED</u>
Certified Receipt# 7003 1680 0001 6991 3855

GMAC Mortgage Corporation DBA ditech com
3200 Park Center Dr., Suite 150
Costa Mesa, CA 92626

<u>SENT VIA FIRST CLASS CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED</u>
Certified Receipt# 7003 1680 0001 6991 3848

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
c/o Executive Trustee Services, LLC
15455 San Fernando Mission Blvd., Suite 208
Mission Hills, CA 91345

Re:   Haru M. Lindsey (& Bob K. Lindsey)
      Loan Number 8655196982
      TS No. EQ-94111-C
      Property Address: 6031 Paseo Alameda, Carlsbad, CA 92009
      NOTICE OF RESCISSION OF MORTGAGE HELD OR SERVICED BY GMAC
      Mortgage Corporation DBA ditech com
      A QUALIFIED WRITTEN REQUEST PURSUANT TO 15 U.S.C. §2605

Dear Sir or Madam:

    This office represents Haru M. Lindsey in her claims against GMAC Mortgage Corporation DBA ditech com, its agents, principals, subsidiaries and/or the holder/owner of the note for the above referenced account (hereinafter referred to as "Creditor") with regard to the above referenced loan. Enclosed is a copy of a Letter of Designation And Authorization signed by my client. All further communications must be directed to this office only. The debt associated with the above referenced loan number is hereby disputed.

## NOTICE OF RESCISSION OF MORTGAGE

    Consumer, Haru M. Lindsey (hereinafter referred to as "Consumer" or "HML"), bases the

Page 1 of 3

**EXHIBIT "A-1"**

following upon the understanding that Creditor is subject to the Truth In Lending Act (hereinafter "TILA"), and hereby exercises her rights under the Truth In Lending Act (15 U.S.C. §1601 et seq.), Regulation Z (12 C.F.R. § 226.1 et seq.), and related statutes and California state laws, which may include, without limitation, RESPA and California Finance Lenders laws, to rescind the above referenced loan. Without limitation, Consumer bases her right to rescind upon the fact that required disclosures pursuant to 15 USC §1601 et seq. were not provided to the Consumer, including but not limited to, two copies of a Notice of Right To Cancel containing all required information.

    We are prepared to discuss a tender obligation, should it arise, and satisfactory ways in which my client may meet this obligation. Please be advised that if you do not cancel the security interest and return all consideration paid by my client within 20 days of receipt of this letter, you could be responsible for actual and statutory damages pursuant to 15 U.S.C. § 1640(a).

    Additionally, pursuant to 15 U.S.C. 2605, A QUALIFIED WRITTEN REQUEST is hereby made for the name, address, and telephone number of the master servicer, the mortgage holder, the loan holder, and the owner of the loan secured by the property referenced above. Furthermore, A QUALIFIED WRITTEN REQUEST is made for all <u>signed and/or unsigned</u> copies of the following documents relating to the above referenced loan:

1. Notice of Right to Cancel;
2. HUD-1 Disclosure;
3. Truth In Lending Act Disclosures;
4. The Entire Note;
5. Deed of Trust;
6. All riders to any of the above documents:
7. Disclosures pursuant to 15 U.S.C. §1639;
8. A History of Payments and other document showing the loan disbursements, loan charges, payments made, and current principal balance due;
9. The Entire Loan Application File; and
10. All correspondence.

    Request is also made for an immediate written description of all information, data, or other documentation that you believe would disprove this loan is in violation of TILA, RESPA, and/or California Finance Lenders laws.

    Your immediate attention to this matter is demanded.

Sincerely,

Deborah L. Raymond
Attorney for Haru M. Lindsey

Page 2 of 3

**EXHIBIT "A-1"**

I WISH TO RESCIND/CANCEL LOAN NUMBER 8655196982. A signed photocopy or facsimile of this wish to Rescind Cancel shall have the same force and or effect as a signed original.

Dated: 12-20-04

*[signature]*
Haru M. Lindsey

cc:  1) Haru M. Lindsey (email delivery only)
     2) Bob K. Lindsey, 6031 Paseo Alameda, Carlsbad, CA 92009 (Via First Class U. S. Mail, Postage Fully Prepaid)

Page 3 of 3

**EXHIBIT "A-1"**

# Law Offices of Deborah L. Raymond

380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel: 858-481-9559
Fax: 858-724-0747

## LETTER OF DESIGNATION AND AUTHORIZATION

To Whom It May Concern:

Re: Haru M. Lindsey

Please be advised that I have retained the Law Offices of Deborah L. Raymond to represent my interests. I hereby authorize the Law Offices of Deborah L. Raymond to represent my interests, including, but not limited to, communicating, negotiating, and otherwise dealing with my accounts with Countrywide Home Loans, GMAC Mortgage Corporation, and all parties associated said accounts, including without limitation, creditors, collectors, collection agencies, credit reporting agencies, attorneys, and all Federal, State, and local government agencies, as may be required in her representation of me. Except, this authorization does not authorize the Law Offices of Deborah L. Raymond to accept service of any summons and/or complaint on my behalf.

Also, by signing below, I authorize any credit reporting agencies, credit reporting bureaus, collector, creditor, doctor, chiropractor, hospital, any other healthcare provider, employer, police agency, government agency, or any other person to whom a signed photocopy or facsimile of this authorization is delivered, to furnish any information, documents, reports or copies of records which may be requested by the Law Offices of Deborah L. Raymond.

Date: _2/7/06_      Signed: _[signature]_

14

**EXHIBIT "A-1"**



**EXHIBIT "A-2"**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
HARU LINDSEY

**DEFENDANTS**
2007 DEC 21  PM 3:33
GMAC MORTGAGE CORPORATION, dba DITECH.COM and DOES 1-10, inclusive. US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** — San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY) _____ DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Law Offices of Deborah L. Raymond
380 Stevens Avenue, Suite 205
Solana Beach, CA 92075
Tel# (858) 481-9669

**ATTORNEYS (IF KNOWN)**

**'07 CV 2404 BTM CAB**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY). Violations of the Federal Truth In Lending Act and the Home Ownership and Equity Protection Act, 15 U.S.C. sections 1601 et seq., predatory lending practices

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 370 Other Fraud | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | | | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | TILA |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23  DEMAND $ not less than $10,000.00 + rescission  Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE n/a   Docket Number _____

DATE 12/21/07   SIGNATURE OF ATTORNEY OF RECORD /s/ Deborah Raymond

#145835   12/21/07

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

$350.

```
         UNITED STATES
         DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

     # 145835      - SR

     December 21, 2007
          15:32:54


         Civ Fil Non-Pris
USAO #.: 07CV2404 CIV. FIL.
Judge..: BARRY T MOSKOWITZ
Amount.:                    $350.00 CK
Check#.: BC#5870



     Total-> $350.00


FROM: LINDSEY V. GMAC MORGAGE CORP.
      CIVIL FILING
```