Stuart B. Wolfe, Esq. (SBN 156471)
sbwolfe@wolfewyman.com
David M. Chute, Esq. (SBN 136564)
dmchute@wolfewyman.com
WOLFE & WYMAN LLP
5 Park Plaza, Suite 1100
Irvine, California 92614-5979
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendant
GMAC MORTGAGE, LLC in its own capacity and dba DITECH, erroneously sued and served as GMAC MORTGAGE CORPORATION dba DITECH.COM

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARU LINDSEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE CORPORATION, dba DITECH.COM, an entity of unknown form; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 07 CV 2404 BTM CAB<br><br>**DEFENDANT GMAC MORTGAGE, LLC's ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant GMAC MORTGAGE, LLC (hereinafter "GMACM" or "ANSWERING DEFENDANT") severing itself from all others and answers the allegations of the Complaint of Plaintiff HARU LINDSEY as follows:

1.  ANSWERING DEFENDANT admits that the Complaint purports to be a lawsuit under the Truth in Lending Act ("TILA") wherein Plaintiff seeks to rescind and recover damages. As to the remaining the allegations of Paragraph 1, ANSWERING DEFENDANT denies.

2.  ANSWERING DEFENDANT lacks information and belief sufficient to answer the allegations in Paragraph 2 and basing its denial on this ground, denies each and every allegation thereof.

3.   ANSWERING DEFENDANT lacks information and belief sufficient to answer the allegations in Paragraph 3 and basing its denial on this ground, denies each and every allegation thereof.

4.   ANSWERING DEFENDANT admits that it is a LLC. As to the remaining allegations of Paragraph 4, ANSWERING DEFENDANT denies.

5.   ANSWERING DEFENDANT lacks information and belief sufficient to answer the allegations in Paragraph 5 and on that basis denies each and every allegation of the Paragraph 5.

6.   ANSWERING DEFENDANT lacks information and belief sufficient to answer the allegations in Paragraph 6 and on that basis denies each and every allegation of Paragraph 6.

7.   In response to the allegations in Paragraph 7 of the Complaint, ANSWERING DEFENDANT incorporates herein by reference the answers to the allegations made in Paragraphs 1 through 6.

8.   ANSWERING DEFENDANT admits that Plaintiff refinanced with ANSWERING DEFENDANT regarding the property located at 6031 Paseo Alameda, Carlsbad, California 92009 with a $95,000.00 equity line of credit and that a deed of trust secured the equity line. Except as admitted, ANSWERING DEFENDANT denies the remaining allegations of Paragraph 8.

9.   ANSWERING DEFENDANT denies the allegations of Paragraph 9.

10.   ANSWERING DEFENDANT denies the allegations of Paragraph 10.

11.   ANSWERING DEFENDANT lacks information and belief sufficient to answer the allegations of Paragraph 11 and on that basis denies each and every allegation in Paragraph 11.

12.   ANSWERING DEFENDANT denies the allegations of Paragraph 12.

13.   ANSWERING DEFENDANT denies the allegations of Paragraph 13.

14.   In response to the allegations in Paragraph 14 of the Complaint, ANSWERING DEFENDANT incorporates herein by reference the answers to the

allegations made in Paragraphs 1 through 13.

15. ANSWERING DEFENDANT denies the allegations of Paragraph 15.

16. ANSWERING DEFENDANT denies the allegations of Paragraph 16.

17. ANSWERING DEFENDANT denies the allegations of Paragraph 17.

18. ANSWERING DEFENDANT denies the allegations of Paragraph 18.

19. ANSWERING DEFENDANT lacks sufficient information and belief to answer the allegations of Paragraph 19 and on that basis denies the allegations of Paragraph 19.

20. ANSWERING DEFENDANT lacks sufficient information and belief to answer the allegations of Paragraph 20 and on that basis denies the allegations of Paragraph 20.

21. ANSWERING DEFENDANT denies the allegations of Paragraph 21.

22. ANSWERING DEFENDANT denies the allegations of Paragraph 22.

23. ANSWERING DEFENDANT denies the allegations of Paragraph 23.

24. ANSWERING DEFENDANT denies the allegations of Paragraph 24.

25. ANSWERING DEFENDANT denies the allegations of Paragraph 25.

26. ANSWERING DEFENDANT lacks sufficient information and belief to answer the allegations of Paragraph 26 and on that basis denies the allegations of Paragraph 26.

27. ANSWERING DEFENDANT denies the allegations of Paragraph 27.

28. ANSWERING DEFENDANT denies the allegations of Paragraph 28.

29. ANSWERING DEFENDANT denies the allegations of Paragraph 29.

30. In response to the allegations in Paragraph 30 of the Complaint, ANSWERING DEFENDANT incorporates herein by reference the answers to the allegations made in Paragraphs 1 through 29.

31. ANSWERING DEFENDANT denies the allegations of Paragraph 31.

32. ANSWERING DEFENDANT denies the allegations of Paragraph 32.

33. In response to the allegations in Paragraph 33 of the Complaint,

ANSWERING DEFENDANT incorporates herein by reference the answers to the allegations made in Paragraphs 1 through 32.

34. ANSWERING DEFENDANT admits it claims an interest in the subject property by virtue of the trust deed. As to the remaining allegations of Paragraph 34, ANSWERING DEFENDANT lacks sufficient information and belief and on that basis denies the remaining allegations of Paragraph 34.

35. ANSWERING DEFENDANT lacks sufficient information and belief to answer to the allegations of Paragraph 35 and on that basis denies the allegations of Paragraph 35.

36. In response to the allegations in Paragraph 36 of the Complaint, ANSWERING DEFENDANT incorporates herein by reference the answers to the allegations made in Paragraphs 1 through 32.

37. ANSWERING DEFENDANT denies the allegations of Paragraph 37.

38. ANSWERING DEFENDANT lacks sufficient information and belief to answer to the allegations of Paragraph 38 and on that basis denies the allegations of Paragraph 38.

Answering Paragraphs 1 through 22 of the prayer, ANSWERING DEFENDANT denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim or Cause of Action)

1. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that each of the purported causes of action fail to state a claim or cause of action against ANSWERING DEFENDANT.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that each and every purported cause of action contained in the Complaint is

4

barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340, 343; California Civil Code § 1788.30; and Truth in Lending Act § 130. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

3. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF unjustifiably delayed in commencing this action, and that said delay has prejudiced the rights of ANSWERING DEFENDANT and therefore, the Complaint should be barred under the Doctrine of Laches. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel/Equitable Estoppel/Judicial Estoppel)

4. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF is estopped and/or should be equitably and/or judicially estopped, from obtaining the relief sought from ANSWERING DEFENDANT. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that the Complaint should be barred due to PLAINTIFF's unclean hands. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

///
///
///

## SIXTH AFFIRMATIVE DEFENSE

### (Damages Claimed Attributable to Unknown Parties)

6. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that if ANSWERING DEFENDANT is subjected to any liability to PLAINTIFF herein, it will be due in whole and/or in part to the conduct, acts, omissions and/or activities of a party and/or parties unknown to ANSWERING DEFENDANT at this time, and any recovery obtained by PLAINTIFF should be barred and/or reduced according to law, up to and including the whole thereof. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

7. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that federal law preempts Plaintiff's state law claims. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## EIGTHTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

8. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that any alleged conduct or omission by ANSWERING DEFENDANT was not the cause in fact, or proximate cause, of any injuries or damages alleged by PLAINTIFF. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (No Liability for Third Party Acts)

9. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that ANSWERING DEFENDANT is not liable for independent acts of third parties and PLAINTIFF's damages, if any, is attributable to acts of third parties.

H:\Matters\GMAC Mortgage Corporation (1353)\066 (Lindsey)\Pleadings\Answer.doc

This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver)

10. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF voluntarily and knowingly failed to take action to protect her rights and thus have waived such rights. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

11. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that any recovery by PLAINTIFF is barred by PLAINTIFF's failure to mitigate damages, or that any recovery must be reduced by those damages that PLAINTIFF failed to so mitigate. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

12. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF lacks standing to maintain the claims in the Complaint. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Name Indispensable Parties)

13. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF failed to join all indispensable parties as defendants to the Complaint. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

///

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Uncertain, Ambiguous, and Unintelligible Complaint)

14. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that the Complaint is uncertain, ambiguous and unintelligible. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Consent)

15. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF gave her consent, express or implied, to the acts, omissions and conduct alleged of ANSWERING DEFENDANT in the Complaint. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

16. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF ratified the alleged acts of ANSWERING DEFENDANT. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## SEVENTEETH AFFIRMATIVE DEFENSE
### (Truth in Lending)

17. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF failed to plead sufficient facts to recover under the Truth in Lending Act. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

///
///
///

## EIGTHEENTH AFFIRMATIVE DEFENSE
### (Damages Set-Off)

18. ANSWERING DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF's damages, if any, is set-off by any value and/or benefit PLAINTIFF obtained due to her own conduct and/or contributory negligence, and any recovery obtained by PLAINTIFF should be barred and/or reduced according to law, up to and including the whole thereof. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Quiet Title Estopped/Equitably Estopped)

19. ANSWERING DEFENDANT is informed and believes, and thereon alleges that PLAINTIFF, by virtue of her own acts and/or the acts or omissions of others chargeable to her, are estopped and/or should be equitably estopped from obtaining quiet title. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Waiver of Equitable Remedies)

20. ANSWERING DEFENDANT is informed and believes, and thereon alleges that PLAINTIFF's claim for equitable relief is barred because PLAINTIFF, by virtue of her own acts and/or the acts and omissions of others chargeable to her, expressly, impliedly and/or equitably waived her rights to equitable remedies. This defense is alleged in the alternative, and does not admit any of the allegations contained in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Subject Matter Jurisdiction)

21. ANSWERING DEFENDANT is informed and believes, and thereon alleges that each and every purported cause of action contained in the Complaint is barred by the lack of subject matter jurisdiction. This defense is alleged in the

alternative and does not admit any of the allegations contained in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Bona Fide Error)

22. ANSWERING DEFENDANT is informed and believes, and thereon alleges that any error was not intentional and resulted from a bona fide error. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

23. ANSWERING DEFENDANT is informed and believes, and thereon alleges that it acted in good faith. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Right to Add Additional Affirmative Defenses)

24. ANSWERING DEFENDANT is informed and believes, and thereon alleges that because the Complaint herein is couched in conclusory terms, ANSWERING DEFENDANT presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available and cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

///
///
///
///
///

H:\Matters\GMAC Mortgage Corporation (1353)\066 (Lindsey)\Pleadings\Answer.doc

WHEREFORE, ANSWERING DEFENDANT prays as follows:

1. That Plaintiff takes nothing by the Complaint herein;
2. For costs of suit incurred herein, including reasonable attorney's fees;
3. For such other and further relief as the Court deems just and proper

DATED: February 7, 2008

WOLFE & WYMAN LLP

By: _____
STUART B. WOLFE
DAVID M. CHUTE
Attorneys for Defendant
**GMAC MORTGAGE, LLC in its own capacity and dba DITECH, erroneously sued and served as GMAC MORTGAGE CORPORATION dba DITECH.COM**

H:\Matters\GMAC Mortgage Corporation (1353)\066 (Lindsey)\Pleadings\Answer.doc

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF ORANGE        )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1100, Irvine, California 92614-5979.

On February 12, 2008, I served the document(s) described as DEFENDANT GMAC MORTGAGE, LLC's ANSWER TO PLAINTIFF'S COMPLAINT on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☒ **BY MAIL**: as follows:

   ☒ **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☐ **BY EXPRESS MAIL** as follows: I caused such envelope to be deposited in the U.S. Mail at Irvine, California. The envelope was mailed with Express Mail postage thereon fully prepaid.

☐ **BY CERTIFIED MAIL** as follows: I am "readily familiar" with Wolfe & Wyman LLP's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to Wolfe & Wyman LLP's ordinary business practice.

☐ **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☐ **STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL**   I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on February 12, 2008, at Irvine, California.

_____
KATHY HAGMAIER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**
**USDC – SOUTHERN DISTRICT – Case No. 07 CV 2404 BTM CAB**
**HARU LINDSEY v. GMAC MORTGAGE, et al.**
**W&W File No. 1353-066**
[Revised: [Date] ]

| | |
|---|---|
| Deborah L. Raymond, Esq.<br>LAW OFFICES OF DEBORAH L. RAYMOND<br>480 Stevens Avenue, Suite 205<br>Solana Beach, CA 92075<br>(858) 471-9559 | Attorneys for Plaintiff HARU LINDSEY |